# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re*: **O.C., F.C., C.C., & S.F.**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**No. 12-0917** (Berkeley County 10-JA-67, 68, 69 & 70)

## MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Robert Barrat, arises from the Circuit Court of Berkeley County, wherein her motion to re-open the abuse and neglect proceedings against her was denied by order entered on July 11, 2012.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Anne B. Prentice, has filed a response on behalf of the children. Respondent Father S.C. has also filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On August 20, 2010, the DHHR filed its initial abuse and neglect petition in which it alleged that petitioner had abandoned the children by leaving them in the care of various persons and moving to Florida. An amended petition was later filed alleging domestic violence in the children's presence. Petitioner admitted to the allegations of abandonment and domestic violence in her verified answer. Eventually, her parental rights to the children were terminated. On June 7, 2012, petitioner filed a *pro se* motion to re-open the abuse and neglect proceedings against her, though this motion was denied by order entered on July 11, 2012.

On appeal, petitioner alleges that the circuit court erred in denying her motion because her counsel in the underlying proceedings was ineffective and because petitioner believes she should have additional time to achieve reunification with her children. According to petitioner, she was coerced into admitting the allegations in the petitions and she should have been granted an extension to her post-adjudicatory improvement period.

The DHHR, the guardian ad litem, and Respondent Father S.C. all respond in support of the circuit court's decision and argue that petitioner was effectively represented by counsel and made her admissions knowingly and intelligently. According to respondents, petitioner had no

---

[1] Petitioner's counsel notes that this petition for appeal was filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

1

standing to file her motion to modify disposition because her parental rights had already been terminated. Respondents further argue that the circuit court was correct in terminating petitioner's parental rights because of her non-compliance throughout the proceedings below.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion because petitioner lacked standing to file the same. In essence, petitioner's motion sought a modification of the circuit court's disposition of the abuse and neglect matter. Rule 46 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings lists the parties that may move for modification of a dispositional order. That list specifically excludes parents whose parental rights to the children at issue have been terminated. However, Rule 46 does state that "a child's parent (whose parental rights have not been terminated)" is permitted to file such motion. Further, this Court has previously held that

[a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to W. Va.Code § 49–6–6 (1977) (Repl.Vol.2004), to move for a modification of disposition of the child with respect to whom his/her parental rights have been terminated.

Syl. Pt. 6, *In re Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373 (2007). As such, it is clear that the petitioner lacked standing to file the motion for modification of disposition.

For the foregoing reasons, we find no error in the decision of the circuit court, and the denial of petitioner's motion is hereby affirmed.

Affirmed.

2

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II